UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


MICHAEL VALICENTI,          )     Case No. 3:05CV761
                               )
          Petitioner,     )     JUDGE JAMES S. GWIN
                               )     Magistrate Judge George J. Limbert
     vs.                )
                               )
ROB JEFFREYS, Warden,    )     <u>REPORT AND RECOMMENDATION</u>
                               )     <u>OF MAGISTRATE JUDGE</u>
          Respondent.     )


On March 4, 2005, Petitioner Michael Valicenti (Petitioner), pro se, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  Electronic Case Filing (hereinafter "ECF") Dkt. #1.  On September 29, 2005, Respondent Rob Jeffreys (Respondent), the Warden of the North Central Correctional Institution in Marion, Ohio where Petitioner is serving his sentence, filed a motion to dismiss Petitioner's federal habeas corpus petition as time-barred and arguing that his grounds for relief were procedurally defaulted.  ECF Dkt. #11.

For the following reasons, the undersigned recommends that this Court DENY Respondent's motion to dismiss on the issue of untimeliness but GRANT the motion to dismiss on the basis of procedural default and dismiss the instant petition for the writ of habeas corpus with prejudice because Petitioner has procedurally defaulted all of his grounds for relief.  ECF Dkt. #8.

## I.   FACTUAL AND PROCEDURAL HISTORY

### A.   State Proceedings

On June 3, 2002, the Lucas County Grand Jury indicted Petitioner on one count of receiving stolen property in violation of Ohio Revised Code § 2913.51 in Case Number CR2002-2078.  ECF Dkt. #8 Exhibit 1.  The Lucas County Court of Common Pleas appointed counsel for Petitioner.  *Id*.  On September 10, 2002, the Lucas County Prosecutor filed an information charging Petitioner with a violation of felony release on recognizance in violation of Ohio Revised Code §§ 2937.29 and 2937.99 in Case Number CR2002-2768.  ECF Dkt. #8, Exhibits 4 and 15.

On September  11, 2002, Petitioner withdrew his not guilty pleas to these two charges and entered guilty pleas.  ECF Dkt. #8, Exhibits 2 and 3.  On that same date, Petitioner signed a form withdrawing his not guilty plea in Case Number CR2002-2078, pleading guilty, and also acknowledging the State's sentencing recommendation that the State approved of Petitioner's placement into the Judicial Supervisory Intervention Program.  ECF Dkt. #8, Exhibit 5. Directly above Petitioner's signature is the Sentencing Recommendation which stated in relevant part:

> State of Ohio approves of Defendant's placement in the Judicial Supervisory Intervention Program.  If the Defendant violates any of the terms or conditions of the program, the Court shall impose the maximum sentence of 18 Months as to this case and 18 Months as to Case CR2002-2078 to be served consecutively to each other for a total prison term of 36 Months.

*Id.*

On September 12, 2002, the trial court issued a journal entry sentencing Petitioner to four years of community control sanctions in lieu of immediate confinement to prison in Case

-2-

Number CR2002-2078.  ECF Dkt. #8, Exhibit 3.  The trial court also sentenced Petitioner by separate entry to the same in Case Number CR2002-2768.  ECF Dkt. #8, Exhibit 6.  The community control sanctions included many terms, including Petitioner's confinement in the Correctional Treatment Facility for six months with no violations, his submission to electronic monitoring for two months upon release from that confinement, bi-weekly court appearances, submission to urinalysis or intoxlyzer testing twice per week, refraining from illegal drug and alcohol use or possession, attendance at a Twelve Step program, counseling sessions, restitution and participation in aftercare treatment, and refraining from engaging in violent or other disruptive behavior.  *Id.*

The trial court also admonished Petitioner in its sentencing entry in both cases that should Petitioner violate the Court's community control sentence, pursuant to the agreement between Petitioner and the State of Ohio, the Court would impose the maximum prison terms of 18 months ordered served consecutively to the maximum sentence in the other case, for a total prison term of 36 months for both cases. ECF Dkt. #8, Exhibits 3 and 6.  The trial court also indicated that it had informed Petitioner of his appellate rights pursuant to Ohio Revised Code §2953.08.  *Id.*

Petitioner filed no direct appeal of his convictions and sentences.  On February 13, 2004, almost two years after his sentence to community control, the trial court issued two entries, one in each of Petitioner's criminal cases, finding that Petitioner, through counsel, had admitted to violating a community control condition.  ECF Dkt. #8, Exhibit 7.  The trial court therefore revoked Petitioner's community control and imposed the maximum 18-month prison sentences in both of his cases.  *Id.*

-3-

**B.**     **Appellate Review**

On August 16, 2004, some seven months after the trial court revoked his community control sanctions, Petitioner, pro se, filed notices of appeal in the Sixth District Court of Appeals with motions for leave to appeal his convictions in both of his cases pursuant to Rule 5 of the Ohio Rules of Appellate Procedure.  ECF Dkt. #8, Exhibits 8 and 9.  Petitioner asserted in both motions that he was never told of his right to appeal his convictions and sentences and he did not have the funds or access to legal materials in which to pursue an appeal.  *Id.*

On September 22, 2004, the appellate court denied Petitioner's motions for delayed appeal, finding that the trial court informed Petitioner of his right to appeal as the trial court indicated in both of its sentencing entries that Petitioner was given notice pursuant to Ohio Revised Code § 2929.19(B)(3), informed of all of his rights pursuant to Ohio Criminal Rule 32, and he was informed of his appellate rights pursuant to Ohio Revised Code 2953.08.  ECF Dkt. #8, Exhibits 10 and 11.  The appellate court found that Petitioner had been informed of his appellate rights and rejected his other reasons for failing to file timely appeals.  *Id.*

On October 18, 2004, Petitioner, pro se, filed a notice of appeal in the Ohio Supreme Court along with his memorandum in support of jurisdiction.  ECF Dkt. #8, Exhibit 12. Petitioner asserted the following argument in support of his sole proposition of law:

> Proposition of Law No. 1: Where an Appellant's Motion For Leave To File A Delayed Appeal is filed pursuant to App. R. 5(A), and appellant satisfies the criteria for establishing sufficient reasons for his failure to timely file a Notice of Appeal, the Motion For Leave To File Delayed Appeal must be granted.

> A.     The trial court must appoint appellate counsel for an indigent, convicted defendant to determine the merits of and prosecute an Appeal

*Id.*  The Ohio Supreme Court declined jurisdiction to hear the cases and dismissed Petitioner's

appeals on February 2, 2005, finding that his appeals did not involve any substantial

constitutional questions.  ECF Dkt. #8, Exhibit 14.

### C.      Federal Habeas Corpus

On March 4, 2005, Petitioner, pro se, executed a petition for a federal writ of habeas

corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  That petition was filed in this

Court on March 18, 2005.  *Id.*  In his petition, Petitioner asserts the following grounds for relief:

GROUND ONE

The Appellate Court erred in denying leave to appeal where the indigent
Defendant could have filed an appeal as of right, was not properly advised of his
right to appeal or appointed appellate counsel by the Trial Court to advise him or
consult with him about an appeal, and therefore did not knowingly and
intelligently waive his right to appeal, in violation of his right to counsel, Due
Process of Law, and Equal Protection.

GROUND TWO

The Appellate Court erred in denying leave to appeal where the indigent
Defendant was not advised by or consulted with by his court-appointed trial
counsel about filing an appeal as of right to which he was entitled, in violation of
his right to effective assistance of counsel, Due Process, and Equal Protection.

GROUND THREE

The Appellate Court erred in denying leave to appeal without appointing
appellate counsel to determine if the indigent defendant had appealable issues of
merit, in violation of his right to counsel for an appeal as of right, Due Process of
law, and Equal Protection.

GROUND FOUR

The Trial Court erred and caused the Petitioner to suffer double jeopardy by
imposing two terms of imprisonment for the same violation of community
control sanctions, in violation of his right to be free of double jeopardy under the
Fifth Amendment of the United States Constitution.

GROUND FIVE

The Trial Court erred in imposing a prison term for a violation of community control when a prison term could not be imposed for the original, underlying offense, in violation of the Petitioner's right to Due Process and Equal Protection.

GROUND SIX

The Trial Court erred in imposing prison terms when the record did not and could not support the imposition of prison terms for the underlying offenses, in violation of Petitioner's right to Due Process and Equal Protection of law.

GROUND SEVEN

The Trial Court erred in imposing longer than minimum prison terms when it found by a preponderance of the evidence that the shortest prison term would demean the seriousness of the offense or will not protect the public, in violation of the Petitioner's rights to Due Process under the Fifth and Fourteenth Amendments, Notice under the Sixth Amendment, and Equal Protection under the Fourteenth Amendment.

GROUND EIGHT

The Trial Court erred in imposing the maximum terms for the offenses when it found by a preponderance of the evidence that the defendant had committed the worst form of the offense and poses the greatest likelihood of recidivism, by the standard of the preponderance of the evidence rather than by the greater standard of beyond a reasonable doubt, in violation of the Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution's Notice and Jury Trial guarantees, Due Process of law and Equal Protection.

GROUND NINE

The Trial Court erred in imposing consecutive sentences by its failure to make the findings required by law to impose consecutive sentences, in violation of the Petitioner's right to Due Process under the Fifth Amendment, as it applies to his right to be sentences as the law requires, of the United States Constitution.

GROUND TEN

The Trial Court erred in imposing consecutive sentences when it could not constitutionally make the findings required by law to impose consecutive sentences, in violation of the Petitioner's right to be sentenced according to law,

and the Notice, Jury Trial, Due Process and Equal Protection Clauses of the
United States Constitution.

GROUND ELEVEN

The Petitioner suffered ineffective assistance of counsel so seriously deficient as
to prejudice his case and appeal, when his court-appointed trial counsel advised
him to accept a guilty plea when there was not sufficient evidence to convict him
of the original offense of receiving stolen property and neglected to object to the
unlawful and unconstitutional back up maximum, consecutive prison terms as
penalties for violation of community control sanctions.

ECF Dkt. #1.

On September 29, 2005, Respondent filed a motion to dismiss Petitioner's instant

federal habeas corpus petition, arguing that the petition was time-barred and his grounds for

relief were procedurally defaulted.  ECF Dkt. #8.

## II.    **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this Court's

review of the instant matter because Petitioner executed his petition for habeas relief on March

4, 2005, well after the AEDPA's effective date of April 24, 1996.  *See Harpster v. Ohio*, 128

F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  A state prisoner seeking

habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with a statute of limitations

period set forth in 28 U.S.C. § 2244(d).

"The burden of proving that the statute of limitations has expired falls upon the party

asserting the defense; in a habeas case, this burden thus falls on the government."  *DiCenzi v.

Rose,* 419 F.3d 493, 496 (6th Cir. 2005), citing generally *Griffin v. Rogers,* 308 F.3d 647, 653

(6th Cir. 2002).  The AEDPA statute of limitations runs from the date on which the judgment of

conviction becomes final on direct appeal or upon the expiration of the time for seeking direct

review, but the statute is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-10 (2000). The "tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). The one-year statute of limitations under Section 2244 is also subject to equitable tolling. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001). The petitioner bears the ultimate burden of persuading the Court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Once the statute of limitations bar is overcome, a federal habeas corpus petitioner also faces the additional procedural hurdles of exhaustion and procedural default before a federal court will review his grounds for relief. As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). In order to exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which

he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Unless an exception applies, the Court must dismiss a petition for lack of exhaustion if it contains at least one issue which was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-520, (1982). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or he must show that a fundamental miscarriage of justice would occur which would result in the conviction of one who is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. However, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear

-9-

statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-

pronged analysis to determine whether a claim has been procedurally defaulted.  *Maupin v.*

*Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

(1)     whether the petitioner failed to comply with an applicable state procedural rule;

(2)     whether the state courts actually enforced the state procedural sanction;

(3)     whether the state procedural bar is an "adequate and independent" state ground
        on which the state can foreclose federal review; and

(4)     if the above are met, whether the petitioner has demonstrated "cause" and
        "prejudice."

*Id.* at 138.

As set forth in the last factor of the *Maupin* test, a claim that is procedurally defaulted in

state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate

cause for the default and actual prejudice as a result of the alleged violation of federal law, or

that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*,

501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm

resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244

(9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his

procedural default, the reviewing court need not address the issue of prejudice.  *Smith v.*

*Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so
> evaluated, either because they were never presented to the state courts (i.e.,
> exhausted) or because they were not properly presented to the state courts (i.e.,
> were procedurally defaulted), are generally not cognizable on federal habeas

-10-

review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D.Ohio 2004).  The above standards apply to the

Court's review of Petitioner's claims.

If a habeas petitioner overcomes the procedural obstacles as described in the foregoing

section, the AEDPA sets forth the standard of review for the merits of a petition for the writ of

habeas corpus. 28 U.S.C. § 2254(d).

**III.**     **ANALYSIS**

    **A.**     **TIMELINESS**

In the instant case, Respondent asserts that the instant §2254 federal habeas corpus

petition is barred by the AEDPA statute of limitations.  It is clear that Petitioner's convictions

became final after the AEDPA's April 24, 1996 effective date and thus, Petitioner had only one

year within which to file his federal habeas petitions from the later of the dates delineated in 28

U.S.C. §2244(d)(1), unless the limitations period was tolled by properly pending applications

for state collateral review.

In his federal habeas corpus petition, Petitioner presents challenges relating to the trial

court's imposition of the two eighteen-month consecutive prison terms and the appellate court's

denial of his motion for leave to appeal the imposition of these prison terms at his revocation

hearing.  ECF Dkt. #1 at 5.1-5.10.  Petitioner does not challenge any issues relating to his

underlying conviction, the imposition of community control sanctions, or the revocation of his

community control sanctions.

In calculating the one-year AEDPA statute of limitations period, Respondent asserts that

Petitioner's one-year period began running on October 15, 2002, thirty days after he was

originally convicted and sentenced, excluding weekends, and ended one year later on October 15, 2003.  ECF Dkt. #8 at 8.  Respondent asserts that because Petitioner did not file his federal habeas corpus petition until March 18, 2005, well beyond the October 15, 2003 deadline, the Court should dismiss the petition as untimely filed.  *Id.*  Respondent contends that Petitioner's delayed appeal filed after his revocation hearing is of no consequence to tolling the AEPA statute of limitations because it was filed outside of the one-year deadline when there was no time left to toll.  *Id.*

The undersigned is aware that Petitioner did in fact plead guilty to the underlying offenses in both of his state cases, and the trial court noted in its original sentencing entries for each of Petitioner's cases that Petitioner and the State of Ohio had agreed that the court would impose the eighteen-month prison term in one of Petitioner's cases to run consecutive to the eighteen-month sentence in Petitioner's other case if he violated the community control conditions.  ECF Dkt. #8, Exhibits 3 and 6.  However, numerous Ohio appellate courts have held that "appeals challenging potential periods of incarceration for violation of community control sanctions are not ripe until an actual sentencing order imposes a prison term for the violation of community control sanctions."  *State v. Ogle*, No. WD-01-040, 2002 WL 313386 (Ohio App. 6 Dist. Mar. 1, 2002), unpublished; *see also State v. Willis*, No. 05CA42, 2005 WL 3537680 at *3 (Ohio App. 5 Dist. Dec. 22, 2005), unpublished; *State v. Cousin,* No 86120, *State v. Cousin*, 2005 WL 3475776 at *1 (Ohio App. 8 Dist. Dec. 20, 2005), unpublished ("There is ample authority for the proposition that sentencing issues are not ripe for appeal if postrelease controls are immediately imposed and no term of incarceration has commenced. In that circumstance, the offender must wait until a community controlled sanction has been

-12-

revoked and the original sentence ordered into execution before appealing. *See, e.g.*, *State v. Ogle,* Wood App. No. WD-01-040, 2002-Ohio-860 (collecting cases).").

Accordingly, under Ohio caselaw, it is arguable whether Petitioner could have challenged his two eighteen-month sentences before they were actually imposed at his February 13, 2004 revocation hearing.  Moreover, the Sixth Circuit Court of Appeals has recently stated:

> We now hold that the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final. *See Walker v. Crosby,* 341 F.3d 1240, 1246 (11th Cir.2003); *Hepburn v. Moore,* 215 F.3d 1208, 1209 (11th Cir.2000). The plain language of AEDPA dictates this result where the "judgment" being challenged is the resentencing judgment. *See* 28 U.S.C. § 2244(d)(1)(A) ( "The limitation period shall run from the ⋯ the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."); *cf. Flynt v. Ohio,* 451 U.S. 619, 620, 101 S.Ct. 1958, 68 L.Ed.2d 489 (1981) (per curiam) ("Applied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence.").

*Linscott v. Rose*, No. 04-3474, 2006 WL 13103 at *4 (6th Cir. Jan. 3, 2006).

In the instant case, when Petitioner violated his community control conditions, the trial court held a revocation hearing, and upon Petitioner's admission that he had violated one of the conditions, the trial court sentenced Petitioner to the two eighteen-month sentences to be served consecutively to one another.  ECF Dkt. #8, Exhibit 7.  Consequently, it appears that the Court could find that Petitioner's instant petition is timely because it was filed within one year of the state court review of his challenges to the trial court's imposition of the two eighteen-month sentences when they were actually imposed at the conclusion of his revocation hearing.  The trial court imposed, or reimposed, the two eighteen-month consecutive sentences on February 13, 2004 and Petitioner filed a motion for delayed appeal before the Ohio appellate court some

-13-

seven months later on August 16, 2004.  ECF Dkt. #8, Exhibit 8.  Thus, Petitioner's federal

habeas corpus petition clock began running thirty days after February 13, 2004, on March 14,

2004, which was a Sunday, so the clock began running the following weekday on March 15,

2004.  The clock ran 153 days, from March 15, 2004 until August 15, 2004, another Sunday, so

until August 13, 2004, the last weekday before Petitioner filed his motion for delayed appeal

before the Ohio appellate court.  ECF Dkt. #8, Exhibit 8.  The Ohio appellate court denied

Petitioner leave to file delayed appeals in both of his cases on September 22, 2004 and he

timely appealed those decisions to the Ohio Supreme Court on October 18, 2004.  ECF Dkt.# 8,

Exhibit 12.  The Ohio Supreme Court declined jurisdiction to hear the case as not involving any

substantial constitutional questions and dismissed Petitioner's appeals on February 2, 2005.

ECF Dkt. #8, Exhibit 14.  Thus, Petitioner had 212 days remaining, 365 days for the one-year

statute of limitations minus the 153 days that had already expired, from February 3, 2005, the

day after the Ohio Supreme Court ruled, in which to file his federal habeas corpus petition.

Petitioner executed the instant petition on March 4, 2005, well within the time limitations.  ECF

Dkt. #1.  Respondent presents no authority to the contrary to rebut this recommendation as he

fails to address the caselaw finding that the imposition of a sentence after a violation of

community control constitutes a resentencing which commences the AEDPA statute of

limitations clock.

For these reasons, the Court could find that Petitioner has timely filed his federal habeas

corpus petition.

On the other hand, the Court could find that because the trial court gave Petitioner

proper notice as part of his plea agreement in which it ordered that if he should violate

-14-

community control, the trial court would sentence him to two eighteen-month prison terms for

the violation.  ECF Dkt. #8, Exhibit 5.  Petitioner agreed to these terms as part of his plea

agreement and the trial court's original sentencing entries reflect that such sentences would be

imposed if Petitioner violated his community control.  *Id*.  The trial court issued its original

sentencing entry on September 12, 2002 and Petitioner would have had thirty days, until

October 12, 2002, which was a Saturday, so he was given until October 14, 2002, the following

Monday, in which to appeal his convictions and sentences, which included the provision that if

Petitioner violated community control, he would receive consecutive prison terms. The statute

of limitations period for filing his federal habeas corpus petition thus began running on October

15, 2002 and ran until October 15, 2003, when the one-year period of limitation expired.  Since

Petitioner did not file any motions or petitions in the state court during this one-year period, the

subsequent state court proceedings would not serve to toll the limitations period because no

time was left to toll.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v.*

*Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

    For these reasons, the Court could find that Petitioner untimely filed his federal habeas

corpus petition.

## B.    PROCEDURAL DEFAULT

    Should the Court decide to find that Petitioner has timely filed his federal habeas corpus

petition, the undersigned provides the following analysis on the issue of procedural default of

all of Petitioner's grounds for relief.  Respondent argues that Petitioner has procedurally

defaulted and waived all of his grounds for relief in the instant federal habeas corpus petition.

ECF Dkt. #8 at 13-16.  Respondent contends that Petitioner has procedurally defaulted his

grounds for relief because he failed to present them on direct appeal to the Ohio courts, he failed to present them in his motion for delayed appeal pursuant to Rule 5 of the Ohio Rules of Appellate Procedure and he failed to present them before the Ohio Supreme Court.  ECF Dkt. #8 at 13-16.  Respondent further asserts that even though Petitioner advanced reasons for his untimely appeal, the Ohio courts never adjudicated their merits and thus the claims are procedurally defaulted.

### 1.    OHIO APPELLATE RULE 5 MOTION FOR DELAYED APPEAL

In one of his arguments, Respondent contends that Petitioner's grounds for relief are procedurally defaulted because he was denied leave to file his delayed appeal pursuant to Rule 5 and the Ohio Supreme Court dismissed his appeal without reaching the merits and thus his claims are procedurally defaulted and waived.  However, Respondent's argument faces a hurdle due to the Sixth Circuit Court of Appeals' ruling in *Deitz v. Money*, 391 F.3d 804, 810-811 (6th Cir. 2004) with regard to Rule 5 motions.  In *Deitz*, the Sixth Circuit held that the denial of an Ohio Appellate Rule 5(A) motion for leave to file a delayed appeal is not firmly established and does not constitute an adequate and independent state ground under the *Maupin* procedural default analysis in order to bar federal habeas corpus review.  The Sixth Circuit held that Rule 5(A) was not firmly established and not an adequate and independent state ground because the Rule fails to set forth the criteria for courts to use in determining whether to grant a motion for delayed appeal which gives Ohio appellate courts absolute discretion and the district court in the *Deitz* case merely stated that the petitioner had "failed to set forth sufficient reasons for having failed to perfect a timely appeal", which was insufficient.  *Id*.  The Sixth Circuit went on to determine that the petitioner had set forth sufficient reasons for his failure to file a direct

appeal. *Id.*

Respondent does not mention the *Deitz* case in his brief.  However, despite *Deitz,* the Court could nevertheless find that Petitioner has procedurally defaulted his grounds for relief because the Ohio Appellate Court in Petitioner's case denied his Rule 5 motion for delayed appeal on specific procedural grounds.  *Deitz* could be found distinguishable from the instant case because the Court in *Deitz* concerned itself with the fact that the appellate court had merely stated that it had denied the petitioner's Rule 5(A) motion because he failed to present sufficient reasons for failing to file a timely appeal.  In the case *sub judice*, the Ohio appellate court did more than set forth this vague language when it denied Petitioner's Rule 5 motion.  ECF Dkt. #8, Exhibits 10, 11.  The Ohio appellate court in the instant case preceded its alternative general denial with a specific finding that Petitioner's grounds for filing his delayed appeal were insufficient because the trial court's judgment entries of sentencing negated his argument that he was not informed of his right to appeal as the court had included the language that Petitioner was afforded all rights under Rule 32(A)(1) of the Ohio Rules of Criminal Procedure, and the language that he was given notice pursuant to Ohio Revised Code § 2929.19(B)(3) and notice of his appellate rights under Ohio Revised Code § 2953.08.  *Id.*  Thus, the appellate court in this case did not rely solely on vague general language of denial when it denied Petitioner's motion for delayed appeal.  Accordingly, the Court could find that Petitioner has procedurally defaulted his grounds for relief in the instant petition because the Ohio appellate court denied Petitioner's Rule 5 motion on procedural grounds when it specifically addressed the reason for filing the delayed appeal and found it insufficient.

-17-

**2.**      **NONCOGNIZABILITY AND ALTERNATIVE PROCEDURAL DEFAULT GROUNDS**

Because the Ohio appellate court's Rule 5 procedural ruling could fail under the *Maupin* procedural default analysis, the undersigned presents the Court with alternative support for dismissing Petitioner's federal habeas corpus petition in its entirety.  The undersigned recommends that the Court find that Petitioner's first three grounds for relief are not cognizable in this Court and he has procedurally defaulted his fourth through eleventh grounds for relief because he failed to properly present these grounds for relief to the Ohio state courts.

**a**.      **GROUNDS FOR RELIEF ONE THROUGH THREE**

In his first three grounds for relief, Petitioner asserts that the Ohio appellate court erroneously denied his Rule 5 motion for leave to file a delayed appeal. ECF Dkt. #1 at 5.1-5.4. The undersigned recommends that the Court find that the issues that Petitioner raises in these three grounds for relief are matters of state law and thus are not cognizable in federal habeas corpus review.  Federal habeas relief is not available for state law errors as "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Further, errors relating to a state court's interpretation of its own procedural rules are not cognizable in federal habeas corpus review.  *Smith v. Ohio, Dept. of Rehabilitation and Correction,* 331 F.Supp.2d 605, 622 (N.D.Ohio 2004) citing *Simpson v. Jones,* 238 F.3d 399, 406-407 (6th Cir.2000); *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988).

The Ohio appellate court relied upon its interpretations of Ohio criminal rules and statutes in finding that the trial court's judgment entries showed that Petitioner was informed of his right to appeal his sentence.  ECF Dkt. #8, Exhibits 10, 11.  Accordingly, the undersigned recommends that the Court find that Petitioner's first three grounds for relief relating to the Ohio appellate court's procedural rulings are matters of state law not cognizable in federal habeas corpus review.

<u>**b**</u>.        **<u>GROUNDS FOR RELIEF FOUR THROUGH TEN</u>**

In grounds four through ten, Petitioner asserts various constitutional errors that the trial court allegedly committed by imposing the prison terms for his violation of community control. ECF Dkt. #1 at 5.4 - 5.9.  Petitioner contends that the trial court erred and violated his right against double jeopardy by imposing two terms of imprisonment for the same violation of community control sanctions, the trial court erred in imposing a prison term for violation of community control because the prison term could not be imposed for the original underlying offense, the trial court erred in imposing prison terms when the record did not support the imposition of prison terms, the trial court erred in imposing longer than minimum prison terms when it found that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public, the trial court erred in imposing maximum terms for the offenses when it would that he had committed the worst form of the offense and posed a great likelihood of recidivism, the trial court used the wrong standard in imposing the maximum prison terms, and the trial court erred in imposing consecutive sentences without making the required findings under state law.  ECF Dkt. #1 at 5.4-5.8.

-19-

The undersigned recommends that the Court find that Petitioner has procedurally defaulted his fourth through tenth grounds for relief because he failed to properly present these grounds for relief to the Ohio Supreme Court.  Exhaustion occurs only "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Lott v. Coyle,* 261 F.3d 594, 608 (6th Cir.2001) (quoting *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990)).  If there is no further remedy in state court, then exhaustion is no longer at issue.  *Taylor v. Mitchell*, 296 F.Supp.2d 784, 808-809 (N.D. Ohio 2003).  However, if a petitioner fails to fairly present his claims to the state's highest court and no state remedy exists for him to do so, then procedural default applies to the grounds for relief.  When a petitioner fails to present a claim in state court, a federal habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Buell v. Mitchell,* 274 F.3d 337, 349 (6th Cir. 2001).  In order to obtain a merit review of the claim, the petitioner must demonstrate cause and prejudice to excuse his failure to raise the claim in state court, or that a miscarriage of justice would occur were the habeas court to refuse to address the claim on its merits. *Seymour v. Walker,* 224 F.3d 542, 550 (6th Cir.2000), *cert. denied,* 532 U.S. 989, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001)(citing *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

Thus, because Petitioner failed to present his fourth through tenth grounds for relief on direct appeal and failed to present these issues to the Ohio Supreme Court when appealing the denial of his Rule 5 motion, and no state remedy exists for Plaintiff to return to that court, the undersigned recommends that the Court find that Petitioner has procedurally defaulted these grounds for relief.  Accordingly, procedural default applies unless Petitioner shows cause to

-20-

excuse his failure to raise his grounds for relief before the Ohio Supreme Court and shows

prejudice or that a miscarriage of justice would occur if this Court does not consider the

grounds for relief.

Petitioner presents no cause, prejudice or miscarriage of justice arguments to excuse his

procedural default.  And while Petitioner presents ineffective assistance of trial counsel

assertions in his eleventh ground for relief before this Court, he does not mention any reasons

for his failure to raise his grounds for relief before the Ohio Supreme Court.  ECF Dkt. #1 at

5.09 - 5.10.  Thus, the undersigned recommends that the Court find that Petitioner has not

presented cause to excuse his procedural default.  Further, the undersigned recommends that the

Court find that this case does not fall into the narrow class of cases showing that a miscarriage

of justice would occur if Petitioner's grounds for relief are not reviewed.

### <u>c</u>.        <u>GROUND FOR RELIEF NUMBER ELEVEN</u>

In his eleventh ground for relief, Petitioner asserts that his trial counsel was ineffective

in advising him to accept a guilty plea when insufficient evidence existed to convict him, and

counsel was ineffective by failing to object to the "unlawful and unconstitutional maximum,

consecutive" sentences that were imposed on him as penalties for violating community control.

ECF Dkt. #1 at 5.9.  Petitioner also asserts that counsel failed to properly investigate his case

and advise him, failed to object to the prison terms imposed when prison terms could not be

imposed for the underlying offenses, failed to object to the imposition of maximum prison terms

when they could not be imposed for the underlying offenses, failed to object to consecutive

prison terms when they could not be imposed for the underlying offenses, and failed to advise

Petitioner that he had a right to appeal his convictions and sentences.  *Id.*

The undersigned recommends that the Court find that Petitioner has procedurally defaulted all of his ineffective assistance of counsel claims in his eleventh ground for relief. ECF Dkt. #1 at 5.10.  Petitioner failed to present these claims to both the Ohio appellate court and the Ohio Supreme Court.  ECF Dkt. #8, Exhibits 8, 9, 12.  Petitioner focused his Rule 5 ineffectiveness of counsel claims before the Ohio appellate court on allegations that counsel failed to inform him of his right to appeal and failed to inform him that the trial court had to make specific and sufficient findings in order to impose maximum, consecutive sentences for violation of community control.  ECF Dkt. #8, Exhibits 8 and 9.  Before this Court, Petitioner does not raise issues regarding the alleged failure of counsel to inform him of the fact that the trial court had to make sufficient, specific findings in order to impose maximum, consecutive sentences for violation of community control.  ECF Dkt. #1 at 5.9 - 5.10.  And while Petitioner does raise the issue of counsel's ineffectiveness in failing to inform him or consult him about the right to appeal in his intermediate appeal and here, Petitioner did not raise this issue before the Ohio Supreme Court.  In his appeal to the Ohio Supreme Court, Petitioner concerned himself only with Ohio appellate court error in denying his Rule 5 motion and alleged trial court error in failing to inform him of his right to appeal and failing to appoint him appellate counsel. ECF Dkt. #8, Exhibit 12.

The Sixth Circuit has held that a petitioner procedurally defaults his grounds for relief in federal habeas corpus review if he fails to raise a claim in the Ohio Court of Appeals or in the Ohio Supreme Court. *Jamison v. Collins,* 100 F.Supp.2d 647, 674 (S.D.Ohio 2000), citing *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.1985).  Unless a petitioner shows cause and prejudice or actual innocence, he waives a claim in federal habeas corpus review if he can no longer present the federal claim in state court. *Jamison*, 100 F.Supp.2d at 674, citing *Coleman v.*

-22-

*Thompson*, *501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991);* Murray v. Carrier, *477* U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Leroy,* 757 F.2d at 97.

Accordingly, the undersigned recommends that the Court procedurally default Petitioner's eleventh ground for relief unless Petitioner shows cause to excuse his failure to raise his grounds for relief before the Ohio Supreme Court and shows prejudice or that a miscarriage of justice would occur if this Court does not consider the ground for relief. Petitioner presents no direct cause, prejudice or miscarriage of justice arguments to excuse his procedural default of his eleventh ground for relief.  While he asserts the ineffectiveness of trial counsel assertions in his eleventh ground for relief, he fails to mention any reasons for his failure to raise some of these claims before the Ohio appellate court and all of these claims before the Ohio Supreme Court.  ECF Dkt. #1 at 5.09 - 5.10.  Thus, the undersigned recommends that the Court find that Petitioner has not presented cause to excuse his procedural default.  Further, the undersigned recommends that the Court find that this case does not fall into the narrow class of cases showing that a miscarriage of justice would occur if Petitioner's grounds for relief are not reviewed.

For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his eleventh ground for relief.

**IV**.        **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court dismiss

Petitioner's federal habeas corpus petition with prejudice because his first through third grounds

for relief are noncognizable and the rest of his grounds for relief are procedurally defaulted.


Dated: February 9, 2006                          _____/s/George J. Limbert_____

George J. Limbert
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within ten (10) days of service of this notice.  Failure to file objections within the
specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See
Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-24-